UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-221-MOC-DSC

| WENDY MCKINNEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CLEVELAND COUNTY BOARD OF EDUCATION, MARK PATRICK, STEPHEN FISHER, JENNIFER WAMPLER, | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Alter, Amend, Reconsider, or Grant Relief from the Court's Order Granting Summary Judgment. (Doc. No. 52).

## I. BACKGROUND

On March 25, 2022, this Court issued an Order granting Defendant Board's motion for summary judgment as to Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Family and Medical Leave Act. (Doc. No. 50). Plaintiff has now moved the Court to alter, amend, reconsider, or grant relief from its March 25 Order pursuant to FED. R. CIV. P. 59(e) and 60(b). For the following reasons, the Court denies the motion.

## II. DISCUSSION

Plaintiff has filed her motion under both FED. R. CIV. P. 59(e) and 60(b). Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend an adverse judgment within 28 days of the entry of that judgment. FED. R. CIV. P. 59(e). The Fourth Circuit has recognized that a final judgment may be amended under Rule 59(e) in only three circumstances:

(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n.8 (4th Cir. 2008) (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Here, there has been no intervening change in law, and Plaintiff has not presented new evidence. Therefore, to prevail, Plaintiff must establish that the earlier judgment contained a clear error of law or that failing to reverse the earlier judgment would result in manifest injustice.

It is well settled that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 (2008) (citation omitted); Pac. Ins. Co., 148 F.3d at 403. "Mere disagreement with the Court's ruling does not support a Rule 59(e) motion." Jarvis v. Berryhill, No. TMD 15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017) (citing Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993)). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citations and quotation marks omitted).

Rule 60(b) states: "On motion and just terms, the Court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). While FED. R. CIV. P. 60(b) provides a path by which a litigant can seek to obtain relief from an order or final judgment, federal courts have consistently held that the rule is limited to "extraordinary circumstances." Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). Moreover, courts have repeatedly held that Rule 60(b) should be given a very strict and limited

interpretation because, otherwise, it would be "merely an inappropriate substitute for an appeal." Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011).

Significantly, courts have said that "[f]or the purposes of Rule 60, 'mistake' is defined as 'some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence." Rezapour v. Earthlog Equity Group, Inc., No. 5:12CV105-RLV, 2013 WL 5493010, at *1 (W.D.N.C. Oct. 1, 2013) (quoting 47 Am. Jur. 2d Judgments § 687 (2013) (internal citation omitted)). In sum, a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." Aikens, 652 F.3d at 501 (citation omitted).

A motion to reconsider is improper when it "merely asks the court to rethink what the Court has already thought through—rightly or wrongly." DIRECTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (internal citation omitted). See also Hinton v. Henderson, No. 3:10-CV-505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (stating that a motion to reconsider is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument than the party could have presented in the original briefs on the matter") (internal citations omitted).

Here, Plaintiff argues that the Court's March 25 Order contains "numerous mistakes (of fact and law)" and that the Court disregarded "existing genuine issues of material fact" as to whether "[Plaintiff] was a 'qualified employee'" and "[w]hether a 'reasonable accommodation' of her known disabilities was 'reasonable.'" (Doc. No. 52 at 3). The Court disagrees. To state a claim for relief under the Americans with Disabilities Act ("ADA") for either discrimination or for failure to accommodate, a plaintiff must establish that he or she is a "qualified individual" under the law, a phrase which means a person able to perform the "essential functions" of the job. Laird v. Fairfax Cnty., Va., 978 F.3d 887, 892 n.4 (4th Cir. 2020) ("For a [ADA]

discrimination claim, the plaintiff must prove that . . . she was a qualified individual . . . ."); Jessup v. Barnes Group, Inc., 23 F.4th 360, 365 (4th Cir. 2022) ("To establish . . . a failure-to-accommodate claim under the ADA, a plaintiff must show that [s]he is a 'qualified individual.'"). And for an employee to be a "qualified individual" under the ADA, the employee must be able to "perform the essential functions of the employment position," either "with or without reasonable accommodation." 42 U.S.C. § 12111(8).

Given this substantive law, the Court correctly focused its inquiry on whether Plaintiff established that she could perform the essential functions of the employment position. And that inquiry, in turn, required the Court to evaluate whether Plaintiff showed that she could accomplish the essential function of job attendance in the here-and-now and not at some indefinite point in the future. Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995) ("We therefore hold that reasonable accommodation does not require [an employer] to wait indefinitely for . . . medical conditions to be corrected, especially in light of the uncertainty of cure.").

As set out in this Court's March 25 Order, it is undisputed that Defendant gave Plaintiff twelve weeks of unpaid leave that was not required by any law, that Plaintiff acknowledged the possibility of complications when she requested additional unpaid leave beyond the discretionary twelve weeks of unpaid leave, and that at the time she requested additional unpaid leave from Defendant, Plaintiff had not had the neck surgery which was meant to address her orthopedic issues. (Doc. No. 50 at 22). The Court, therefore, correctly found that Plaintiff was not a qualified individual under the ADA. Plaintiff has not demonstrated that the Court should alter or amend its Order because of Plaintiff's assertions of "mistake, inadvertence, surprise, or excusable neglect; fraud . . . misrepresentation, or misconduct by an opposing party." (Doc. No. 52 at 2).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter, Amend, Reconsider, or Grant Relief from the Court's Order Granting Summary Judgment, (Doc. No. 52), is **DENIED**.

Signed: May 26, 2022

Max O. Cogburn Jr
United States District Judge